# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

FILED

2013 OCT -3 A 9:56

| | |
|---|---|
| JESSICA PINEDA,<br>    43523 Postrail Square<br>    Ashburn, Virginia 20147<br><br>        **PLAINTIFF,**<br><br>v.<br><br>KINDERCARE LEARNING CENTERS LLC,<br>    650 NE Holladay Street, Suite 1400<br>    Portland, Oregon 97232<br>        Serve Registered Agent:<br>            CT Corporation System<br>            4701 Cox Road, Suite 301<br>            Glen Allen, Virginia 23060<br><br>and<br><br>KNOWLEDGE UNIVERSE EDUCATION<br>HOLDINGS INC.,<br>    650 NE Holladay Street, Suite 1400<br>    Portland, Oregon 97232<br>        Serve Registered Agent:<br>            CT Corporation System<br>            388 State Street, Suite 420<br>            Salem, Oregon 97301<br><br>and<br><br>KNOWLEDGE UNIVERSE EDUCATION LLC,<br>    650 NE Holladay Street, Suite 1400<br>    Portland, Oregon 97232<br>        Serve Registered Agent:<br>            CT Corporation System<br>            4701 Cox Road, Suite 301<br>            Glen Allen, Virginia 23060<br><br>        **DEFENDANTS.** | Civil Action No. 1:13cv1224<br>LMB/IDD |

## COMPLAINT

COMES NOW, Jessica Pineda ("Plaintiff"), by counsel, and files this Complaint against Kindercare Learning Centers LLC, Knowledge Universe Education Holdings Inc. and Knowledge Universe Education LLC (collectively, "Defendants") on the following grounds:

### NATURE OF ACTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, because Defendants discriminated against Plaintiff on basis of her gender and retaliated against her upon her subsequent opposition.

### JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 because this action arises under federal law, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

### VENUE

3. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because a substantial part of the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

### PARTIES

4. Plaintiff is a female who resides in the Commonwealth of Virginia. At all times relevant to this lawsuit, until her termination on February 8, 2012, she was employed with Defendants at their location at 20655 Fernbank Court, Sterling, Virginia ("Cascades KinderCare").

1

5. Defendant KinderCare Learning Centers LLC ("Defendant KinderCare") is a Delaware limited liability company that owns and operates child care centers, including Cascades KinderCare. Defendant KinderCare employs hundreds of individuals nationwide, is headquartered in Portland, Oregon and is registered to do business in the Commonwealth of Virginia.

6. Defendant Knowledge Universe Education LLC ("Defendant KU Education") is Delaware limited liability company that owns and operates child care centers, including Cascades KinderCare. Defendant KU Education employs hundreds of individuals nationwide, is headquartered in Portland, Oregon and is registered to do business in the Commonwealth of Virginia.

7. Defendant Knowledge Universe Education Holdings Inc. ("Defendant KU Holdings") is a Delaware corporation that owns and operates Defendants KinderCare and KU Education. Defendant KU Holdings employs hundreds of individuals nationwide and is headquartered in Portland, Oregon.

8. All of the acts or omissions alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise or under the direction and control of the others, except as specifically alleged otherwise. The acts or omissions were within the scope of such agency or employment, and each Defendant participated in, approved or ratified the unlawful conduct by the other Defendants. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and omissions of each Defendant acting individually, jointly or severally.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted her administrative remedies. She timely filed administrative charges of gender discrimination and retaliation against Defendants with the U.S. Equal Employment Opportunity Commission (EEOC), Washington Field Office, EEOC Charge No. 570-2012-02217.

10. On July 12, 2013, Plaintiff received notice of the EEOC's closing the file on her charge and her suit rights.

## STATEMENT OF FACTS

11. Plaintiff was employed as a teacher at Cascades KinderCare from October 7, 2011 until February 8, 2012.

12. Upon information and belief, all Cascades KinderCare teachers are hired under the same criteria, which include education and experience.

13. As such, teachers are typically expected to perform the same duties in overseeing their classrooms and students.

14. Teachers are required to rotate from one classroom to another. However, since floating is considered a burden and inconvenience, Cascades KinderCare told teachers that they would rotate minimally and share duties equally to minimize strain.

15. Upon information and belief, all teachers receive the same compensation for their position at the facility.

### Gender Discrimination

16. During her tenure at Cascades KinderCare, there were ten female and two male teachers on staff.

17. At the onset of her employment and whenever new students enrolled at the facility, Cascades KinderCare informed parents and teachers that teachers do not float between different classrooms.

18. As Plaintiff continued to work there, it became apparent that the female teachers, exclusively, were required to rotate between classrooms for children ages three and under. However, the male teachers never rotated for that age group.

19. Plaintiff was hired as a teacher for upper level classrooms but forced to rotate about fifty percent of the time, which was more than what was demanded of any other teacher on staff.

20. Cascades KinderCare instituted a policy based on gender stereotypes when male teachers were charged with supervising upper level classes, whereas Plaintiff was primarily charged with younger children.

21. Cascades KinderCare management stated that male teachers were assigned to upper level classrooms, whereas female teachers were not, because male teachers were not allowed to change diapers and "only women can change diapers."

22. As a female teacher, Cascades KinderCare management assigned added duties to Plaintiff only because of her gender.

23. The added duties further required Plaintiff to rotate between classrooms with much higher frequency than the male teachers.

24. This increased the job responsibilities and overburdened Plaintiff to where no individual with her duties and schedule could perform at the same level as the male teachers, who experienced a far more relaxed environment because they stayed in the same classroom and did not have to change diapers.

25. Upon information and belief, Plaintiff received the same pay rate as the male teachers, with no added compensation for the additional work she performed as a female teacher.

26. As a result, Cascades KinderCare placed Plaintiff at an unfair disadvantage solely because of her gender.

## Retaliation

27. Accordingly, Plaintiff expressed to Cascades KinderCare management that it was unlawful gender discrimination to assign to female teachers duties that male teachers were not expected to perform, thereby creating further barriers for the female teachers to perform their jobs with the same degree of competence and efficacy as the male teachers.

28. The following day, Cascades KinderCare suspended Plaintiff without cause and, in an effort to solely placate her, moved one of the male teachers into the two-year-old classroom.

29. Furthermore, once Plaintiff returned to work, Cascades KinderCare management increased the rate at which Plaintiff rotated between classrooms, even though the rotation rate remained less than fifty percent for all other teachers.

30. Cascades KinderCare deliberately and willfully isolated Plaintiff because she opposed their gender-biased policy. They overburdened her with constant rotations and increased inconvenience in performing her assigned duties, knowing that no employee would be able to handle such a schedule.

31. On or about February 8, 2012, without cause, Cascades KinderCare terminated Plaintiff from her position.

32. As a result of Defendants' unlawful gender discrimination, reckless indifference to this practice and subsequent suspension and termination of Plaintiff, she lost her source of income and experienced emotional distress.

## CLAIMS FOR RELIEF

### Count I
*Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)*

33. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

34. Defendants discriminated against Plaintiff because of her gender intentionally, willfully or with reckless indifference to her federally protected rights.

35. Defendants' conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), which makes it unlawful to discriminate against employees on the basis of gender.

36. Defendants discriminated against Plaintiff in violation of Title VII when they assigned her duties and classrooms on the basis of her gender, which they did not assign to male employees in her position.

37. As a result of Defendants' discriminatory actions, Plaintiff has suffered lost compensation, diminished earning capacity, humiliation, mental anguish and emotional distress.

38. For the damages arising from her suffering, Plaintiff requests relief in the Prayer for Relief below.

### Count II
*Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a)*

39. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

40. Defendants' conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which makes it unlawful to discriminate or take adverse actions against employees who oppose any practice that is unlawful under Title VII.

41. Defendants retaliated against Plaintiff in violation of Title VII when they reprised her for opposing gender discrimination at Cascades KinderCare by suspending and terminating her for reporting unlawful gender discrimination.

42. As a result of Defendants' discriminatory actions, Plaintiff has suffered lost compensation, diminished earning capacity, humiliation, mental anguish and emotional distress.

43. For the damages arising from her suffering, Plaintiff requests relief in the Prayer for Relief below.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court award Plaintiff:

a. $300,000 in compensatory damages for Defendants' unlawful employment practices against her, including but not limited compensation for emotional distress, back and front pay, benefits and all other emoluments of her position;

b. Punitive damages;

c. Attorneys' fees and costs of this action, including pre- and post- judgment interest at the legal rate on damages as appropriate; and

d. Any further relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: October 3, 2013

Respectfully submitted,
JESSICA PINEDA
By counsel

FIRSTPOINT LAW GROUP, P.C.

_____
Katherine Martell, VSB No. 77027
Meredith Ralls, VSB No. 82548
10615 Judicial Drive
Suite 101
Fairfax, Virginia 22030
Phone: (703) 385-6868
Fax:    (703) 385-7009
kmartell@firstpointlaw.com
mralls@firstpointlaw.com
*Counsel for Plaintiff*

8